IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| CARLA Y. WOODALL, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 11-2590 |
| | ) |
| DSI RENAL, INC., | ) |
| | ) |
| Defendant. | ) |

---

**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

---

Before the Court is Defendant DSI Renal, Inc.'s ("DSI") August 29, 2011 Motion for Partial Judgment on the Pleadings. (See ECF No. 13) (the "Motion.") Plaintiff Carla Y. Woodall ("Woodall") responded on September 26, 2011. (See ECF No. 21.) DSI replied on October 13, 2011. (See ECF No. 31.) Woodall brings suit against DSI on behalf of herself and others similarly situated. She alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201. et seq., and state-law breach of contract and quantum meruit ("unjust enrichment") claims. DSI seeks to dismiss Woodall's breach of contract, unjust enrichment, and class action claims. For the following reasons, DSI's Motion is DENIED.

1

I.    **Background**[1]

DSI is a corporation with its principal place of business in Nashville, Tennessee. (Compl. ¶ 13.) Woodall, a resident of Memphis, Tennessee, was an hourly employee of DSI from November 2009 until June 2011. (<u>Id.</u> ¶ 9.) She alleges that DSI regularly required her to work during scheduled meal breaks, but automatically deducted her pay for the length of those breaks. (<u>Id.</u> ¶¶ 1-3, 10, 21-22.) Woodall avers that during her employment DSI failed to provide overtime pay. (<u>Id.</u> ¶¶ 1, 20.) She filed suit under the FLSA, which requires DSI to compensate all non-exempt employees for all hours worked at an hourly rate and to compensate all non-exempt employees at a rate of not less than one and one-half of the regular rate of pay for work performed in excess of forty hours in a work week. (<u>Id.</u> ¶ 36.) Woodall seeks to bring a collective action on behalf of herself and others similarly situated, alleging that she and others are entitled to compensation for all hours worked and overtime pay. (<u>Id.</u> ¶¶ 1, 20, 37.)

In addition to her overtime claims, Woodall alleges that DSI improperly deducted thirty minutes per day from each paycheck to account for her daily meal period (the "meal period.") (<u>Id.</u> ¶ 21.) She avers that DSI deducted that time despite a company policy that guaranteed her an unpaid meal

---

[1] The following facts are taken from Woodall's Complaint. (<u>See</u> ECF No. 1.)

period.  (Id.)  On other occasions, DSI deducted thirty minutes from Woodall's paychecks, although her meal periods were interrupted by calls to return to work.  (Id. ¶¶ 24-25.) Consequently, Woodall and other employees worked in excess of forty hours during many work weeks without receiving appropriate compensation.  (Id. ¶ 28.)  Woodall alleges that DSI's actions were in direct violation of the FLSA.  (Id. ¶¶ 1, 23.)  She seeks compensation under the FLSA for work performed during meal periods and for the hours that were automatically deducted from her paychecks.  (Id. at 9-10.)

Woodall alleges that DSI breached its contract with her and other employees.  (Id. ¶ 42.)  DSI agreed to pay for Woodall's services but breached that agreement by failing to compensate her for all hours worked.  (Id.)  Those hours include times when "Plaintiffs worked through all or part of their meal periods, but were not compensated for the time worked."  (Id.)

Woodall alleges that DSI was unjustly enriched by its employment practices.  (Id. ¶ 44.)  According to Woodall, she provided services to DSI, and it received a benefit.  (Id. ¶ 45.)  DSI accepted the benefit of those services without fully compensating Woodall and other employees.  (Id. ¶ 46.)

Woodall's complaint includes three claims.  First, Woodall brings her FLSA claim as an "opt in" collective action claim under §16(b) of the FLSA on behalf of herself and all other

3

similarly-situated individuals.   (Id. ¶ 18.)   Her remaining two claims are class actions for state-law breach of contract and unjust enrichment brought on behalf of "all persons employed by DSI for the last three (6) [sic] years as an hourly employee subject to an automatic deduction of pay for meal breaks, who worked through all or part of such meal break, but who were not compensated with straight time or overtime for such work."  (Id. ¶ 30.)   Woodall also brings the action "on behalf of all person who were, are, or will be employed by Defendant in hourly labor within three years from the commencement of this action who have not been compensated for all hours worked and/or who have not been compensated at one and one-half times the regular pay for all work performed in excess of forty hours per week."  (Id. ¶ 17.)   She seeks damages, including liquidated damages, and a declaratory judgment that DSI's practices are unlawful under the FLSA. (Id. 9-10.)

## II.  Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Woodall's Complaint raises a federal question under the FLSA.   The Court has supplemental jurisdiction over Woodall's Tennessee breach of contract and unjust enrichment claims because they derive from the same "common nucleus of operative fact" as her federal claims.  See 28 U.S.C. § 1367(c); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).

4

### III.  Standard of Review

Motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure are analyzed under the same framework as motions to dismiss under Rule 12(b)(6).  See Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010); see also Monroe Retail, Inc. v. RBS Citizens, N.A., 589 F.3d 274, 279 (6th Cir. 2009); Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008); Livingston v. Luken, 151 F. App'x 470, 474 (6th Cir. 2005).  When a defendant moves for judgment on the pleadings, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true.  League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007).  A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007).  This standard requires more than bare assertions of legal conclusions.  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001).  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).  "Specific facts are not necessary; the statement need only 'give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Twombly, 550 U.S. at 555.)   Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss.   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).   "This plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   Id. (citing Twombly, 550 U.S. at 556).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   Id. (citation omitted).   A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery."   Id. at 1950.

When a party moves for judgment on the pleadings, "the motion should be granted if, on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law."   Lowden v. Cnty. of Clare, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010) (citing United States v. Blumenthal, 315 F.2d 351, 352 (3d Cir. 1963) and Hous. Auth. Risk Retention Grp., Inc. v. Chicago Hous. Auth., 378 F.3d 596, 600 (7th Cir. 2004)) (internal quotation marks omitted); see also 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L.

Marcus, Federal Practice and Procedure § 1368 (3d ed. 2011) ("[T]he plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery.").

In deciding a motion for judgment on the pleadings, "the court considers all available pleadings, including the complaint and the answer." Dudek v. Thomas & Thomas Attorneys & Counselors at Law, LLC, 702 F. Supp. 2d 826, 832 (N.D. Ohio 2010) (citation omitted); see Fed. R. Civ. P. 12(c); Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). "The court can also consider: (1) any documents attached to, incorporated by, or referred to in the pleadings; (2) documents attached to the motion for judgment on the pleadings that are referred to in the complaint and are central to the plaintiff's allegations, even if not explicitly incorporated by reference; (3) public records; and (4) matters of which the court may take judicial notice." Dudek, 702 F. Supp. 2d at 832; see Bassett, 528 F.3d at 430; Benzon v. Morgan Stanley Distribs., 420 F.3d 598, 603 (6th Cir. 2005) (citations omitted).

**IV. Analysis**

DSI seeks dismissal of Woodall's breach of contract and unjust enrichment claims as preempted under the FLSA. It also seeks dismissal of Woodall's breach of contract and class action

claims as insufficiently pled. DSI does not seek to dismiss Woodall's FLSA claims.

### A. Preemption

DSI argues that Woodall's breach of contract and unjust enrichment claims are preempted by the FLSA. According to DSI, "where . . . the existence of a common law claim is directly tied to the FLSA and simply duplicates a FLSA claim in the guise of a common law claim, that claim is preempted by the Act." (Motion 16.) Woodall argues that her claims are separate and distinct theories of recovery that are not predicated on an FLSA violation.

Federal preemption draws its force from the Supremacy Clause of the United States Constitution. Carter v. Jackson-Madison Cnty. Hosp. Dist., No. 1:10-cv-01155-JDB-egb, 2011 U.S. Dist. LEXIS 35163, at *27-28 (W.D. Tenn. Mar. 31, 2011). "Here, as in every preemption case, '[t]he purpose of Congress is the ultimate touchstone.'" Wimbush v. Wyeth, 619 F.3d 632, 642 (6th Cir. 2010) (quoting Demahy v. Actavis, Inc., 593 F.3d 428, 433-34 (5th Cir. 2010)). When Congress legislates in a field that the States have traditionally occupied, courts start "'with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" Id. (quoting Wyeth v. Levine, 129 S. Ct. 1187, 1194-95 (2009)). That assumption is

premised on the role of states as "independent sovereigns in our federal system." Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996). Simply because Congress acted does not mean that it "cavalierly pre-empt[ed] state-law causes of action." Id. Courts are less likely to assume non-preemption when Congress legislates "'in an area where there has been a history of significant federal presence.'" R.R. Ventures, Inc. v. Surface Transp. Bd., 299 F.3d 523, 562 (6th Cir. 2002) (quoting United States v. Locke, 529 U.S. 89, 108 (2000)).

Federal statutes preempt state law in three ways: "First, a federal statute may expressly preempt the state law. Second, a federal law may impliedly preempt state law. Third, preemption results from an actual conflict between a federal and a state law." Garcia v. Wyeth-Ayerst Labs., 385 F.3d 961, 965 (6th Cir. 2004); see also Carter, 2011 U.S. Dist. LEXIS 35163, at *28.

Here, express and implied preemption are inapplicable because Congress did not specifically prohibit state regulation of wage and hour requirements. See Bouaphakeo v. Tyson Foods, Inc., 564 F. Supp. 2d 870, 881 (N.D. Iowa 2008); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 191 n.10 (4th Cir. 2007). The sole inquiry is whether Woodall's state-law claims are barred under a "conflict preemption analysis."[2] Bouaphakeo,

---

[2] DSI expressly states that it is asserting a theory of conflict preemption. DSI argues that Woodall "simply duplicates a FLSA claim [under] the guise of [] common law claim[s]." (Motion 16.) It relies principally on Anderson,

564 F. Supp. 2d at 881.   Conflict preemption occurs when a provision of federal law "actually conflicts with state law." See Fednav, Ltd. v. Chester, 547 F.3d 607, 619 (6th Cir. 2008). An actual conflict arises when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."   See Hillsborough Cnty. v. Automated Medical Labs., Inc., 471 U.S. 707, 721 (1985).

Neither the Sixth Circuit nor the Supreme Court has addressed whether the FLSA preempts state-law claims.   See Monahan v. Smyth Auto., Inc., No. 1:10-CV-00048, 2011 U.S. Dist. LEXIS 9877, at *9 (S.D. Ohio Feb. 2, 2011) ("[t]he Sixth Circuit has not yet decided a case involving the issue of FLSA preemption of common law claims.").   The four circuit courts that have addressed the issue have split evenly.   The First and Fourth Circuits have decided that the FLSA preempts state-law claims.   The Second and Ninth Circuits have disagreed.   See Salim Shahriar v. Smith & Wollensky Rest. Group, Inc., 659 F.3d 234, 248 (2d Cir. 2011) ("We have held that the [Savings Clause] demonstrates Congress' intent to allow state wage laws to coexist with the FLSA."); Wang v. Chinese Daily News, Inc., 623 F.3d 743, 760 (9th Cir. 2010), vacated on other grounds by, Chinese Daily News, Inc. v. Wang, 132 S. Ct. 74, 74-75 (2011);

---

where the defendant asserted an "obstacle preemption" defense.   See 508 F.3d at 192.   Thus, DSI is raising a conflict preemption defense under a theory of "obstacle preemption."

Anderson, 508 F.3d at 193; Roman v. Maietta Const., Inc., 147 F.3d 71, 76 (1st Cir. 1998) ("[T]he plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state claims in addition to the FLSA claim.").

District courts within this circuit are also divided, although the balance of authority weighs against preemption. See Carter, 2011 U.S. Dist. LEXIS 35163, at *31-33; Monahan, 2011 U.S. Dist. LEXIS 9877, at *10-12; Matthews v. ALC Partner, Inc., No. 2:08-cv-10636, 2008 U.S. Dist. LEXIS 107337, at *36-37 (E.D. Mich. Dec. 9, 2008); Abadeer v. Tyson Foods, Inc., No. 3:09-00125, 2009 U.S. Dist. LEXIS 59488, at *14-15 (M.D. Tenn. July 10, 2009); Guerrero v. Brickman Group, LLC., 1:05-CV-00357-DT, 2007 U.S. Dist. LEXIS 21126, at *29-32 (W.D. Mich. Mar. 26, 2007); Corre v. Steltenkamp, 2006 U.S. Dist. LEXIS 66868, at *12 (E.D. Ky. Aug. 16, 2006) ("The FLSA does not completely preempt the wage and hour field.  State regulation is permissible and contemplated under federal law."); Hasken v. City of Louisville, 173 F.Supp.2d 654, 663-64 (W.D. Ky. 2001) (the "FLSA does not preempt state wage and hour laws."); but see Pacheco v. Boar's Head Provisions Co., No. 1:09-CV-298, 2010 U.S. Dist. LEXIS 30463, at *14-15 (W.D. Mich. Mar. 30, 2010).  The more persuasive opinions hold that the FLSA does not preempt state-law claims.

The parties' dispute centers on Anderson, a lightning rod case in FLSA preemption. In Anderson, workers at a Sara Lee bakery challenged a company dress policy that did not compensate employees for time spent changing into and out of mandatory uniforms. See Anderson, 508 F.3d at 183. The workers alleged that Sara Lee's policy violated the FLSA, but they sought remedies in state-law actions for breach of contract, negligence, fraud, conversion, and unfair trade practices. Id. at 184. The Fourth Circuit held that the FLSA preempted the plaintiffs' state-law claims because "Congress prescribed exclusive remedies in the FLSA for violations of its mandates." Id. at 187, 194. "The appeals court found it 'crucial' that the plaintiffs' ability to prevail on each of the state claims depended on establishing that Sara[] Lee violated the FLSA." Carter, 2011 U.S. Dist. LEXIS 35163, at *29-30; see also Anderson, 508 F.3d at 193 ("Crucially, though, the Class Members' state claims all depend on establishing that Sara Lee violated the FLSA, either in good faith or willfully."). In other words, the proof required for the state-law claims was the same as for claims asserted under the FLSA. Anderson, 508 F.3d at 193. Rather than contending that North Carolina law entitled them to unpaid wages, the plaintiffs relied "on the FLSA for their rights, and they invoke[d] state law only as the source of

remedies for the alleged FLSA violations." <u>Anderson</u>, 508 F.3d at 193.

Anderson is distinguishable from this case. Woodall is "not pursuing remedies under state law to enforce the rights provided her under the federal statute." <u>Carter</u>, 2011 U.S. Dist. LEXIS 35163, at *31. To support her breach of contract claim, she alleges that DSI "agreed to pay for services provided by [Woodall]," and that the "Defendant breached its agreement . . . by failing to pay . . . for all hours worked." (Compl. ¶ 42.) Woodall claims that DSI was unjustly enriched because she provided a benefit to DSI, which failed to pay her for her services. (<u>See</u> Compl. ¶¶ 43-48.) The counts in the Complaint for breach of contract and unjust enrichment do not reference federal law except through the incorporation of earlier allegations. (<u>Id.</u> at ¶¶ 41, 43.) Therefore, although based "on many of the same facts," Woodall's state-law claims are not duplicative of or dependent on her FLSA claims, "as the two [claims] do not share the same elements or require the same recovery" as the FLSA. <u>See</u> <u>Monahan</u>, 2011 U.S. Dist. 35163, at *5; <u>see also</u> <u>Osby v. Citigroup, Inc.</u>, No. 07-cv-06085-NKL, 2008 U.S. Dist. LEXIS 39041, at *2 (W.D. Mo. May 14, 2008). Woodall has pled independent claims for unjust enrichment and breach of contract that "will rise or fall on [their] own merits, independent of her FLSA claims." <u>Id.</u> at *32.

13

DSI argues that Woodall's claims should be dismissed because they request relief identical to relief under the FLSA. <u>Compare</u> (Compl. ¶ 48) (seeking "one half the times their regular rate for all hours they worked over forty (40) when they worked more than forty (40) in a workweek."), <u>with</u> 29 U.S.C. § 207(A)(1) ([N]o employer shall employ any of his employees who in any workweek [works] for . . . longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."). DSI argues that <u>Carter</u> supports dismissal because Woodall is pursing remedies under state law to enforce rights provided by federal statute.

As in <u>Carter</u>, the "flaw in the Defendant's argument is that Plaintiff's common law claim is not based on a finding that it violated the FLSA."). <u>See</u> <u>Carter</u>, 2011 U.S. Dist. LEXIS 35163, at *31. Woodall's state-law claims are not predicated on finding an FLSA violation. Even in situations where the state-law remedies are "almost identical to the remedies available under [the federal statute]," the FLSA does not provide "the exclusive remedy for its violations." <u>See</u> <u>Bouaphakeo v. Tyson Foods, Inc.</u>, 564 F. Supp. 2d at 884, 884 n.10. "[T]he FLSA sets the minimum wage, whereas Tennessee's wage law and common law breach of contract claim enforce the agreed wages that may be

higher than the compensation required by the FLSA." <u>Abadeer</u>, 2009 U.S. Dist. LEXIS 59488, at *14-15.

Permitting state-law actions to supplement FLSA claims will not thwart "the accomplishment and execution of the full purposes and objectives of Congress." <u>Gade v. Nat'l Solid Waste Mgmt. Ass'n</u>, 505 U.S. 88, 98 (1992); <u>accord</u> <u>Ardingo v. Local 951, United Food & Commer. Workers Union</u>, 333 F. App'x 929, 933 (6th Cir. 2009). Numerous district courts in this circuit agree and hold that the FLSA's "savings clause" is evidence "of Congress' intent to allow state laws to supplement the FLSA's provisions." <u>See</u> <u>Carter</u>, 2011 U.S. Dist. LEXIS 35163, at *35; <u>Monahan</u>, 2010 U.S. Dist. LEXIS 9877, at *5; <u>Abadeer</u>, 2009 U.S. Dist. LEXIS 59488, at 14-15. These persuasive authorities are consistent with the Second and Ninth Circuits. <u>See</u> <u>Smith & Wollensky Rest. Group, Inc.</u>, 659 F.3d at 248 ("We have held that the [Savings Clause] demonstrates Congress' intent to allow state wage laws to coexist with the FLSA."); <u>Wang</u>, 623 F.3d at 760; <u>Williamson v. Gen. Dynamics Corp.</u>, 208 F.3d 1144, 1151 (9th Cir. 2000) (the FLSA is not the exclusive remedy for wage payment claims). Woodall's state-law breach of contract and unjust enrichment claims are not preempted.

### B. Breach of Contract

DSI seeks judgment on the pleadings on Woodall's claim for state-law breach of contract. To establish a claim for breach

of contract under Tennessee law, a plaintiff must show: (1) the existence of an enforceable contract; (2) non-performance amounting to a breach of that contract; and (3) damages caused by the breach. C&W Asset Acquisition, LLC v. Oggs, 230 S.W.3d 671, 676-77 (Tenn. Ct. App. 2007) (citing ARC LifeMed, Inc. v. AMC-Tenn., Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)); see Markow v. Pollock, No. M2008-01720-COA-R3-CV, 2009 Tenn. App. LEXIS 870, at *4 (Tenn. Ct. App. Dec. 22, 2009) (citation omitted); Wooten Tractor Co., Inc. v. Arcon of Tenn., L.L.C., No. W2008-01650-COA-R3-CV, 2009 Tenn. App. LEXIS 347, at *5 (Tenn. Ct. App. May 28, 2009) (citation omitted).

"'To be enforceable under Tennessee law, a contract 'must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced.'" Starnes Family Office, LLC v. McCullar, 765 F. Supp. 2d 1036, 1050 (W.D. Tenn. 2011) (quoting Jane Doe, et al. v. HCA Health Services of Tennessee, Inc., d/b/a HCA Donelson Hospital, 46 S.W.3d 191, 196 (Tenn. 2001)). Although a contract may be written or oral, it "'must be of sufficient explicitness so that a court can perceive what are the respective obligations of the parties.'" McKee v. Meltech, Inc., No. 10-2730, 2011 U.S. Dist. LEXIS 49612, at *20-21. (W.D. Tenn. May 9, 2011) (quoting HCA

16

<u>Health Servs. of Tenn.</u>, 46 S.W.3d 191, 196 (Tenn. 2001)).   A
contract's terms are "'sufficiently definite if they provide a
basis for determining whether a breach has occurred and for
giving an appropriate remedy.'"   <u>Id.</u> at *21.

Count II of the complaint contains Woodall's breach of
contract claim.   It states:

> 41.  Plaintiff   Carla   Y.   Woodall   realleges   and
> incorporates by reference paragraphs 1 through 40 as
> if they were set forth again herein.
>
> 42.  Defendants [sic] agreed to pay for services
> provided by Plaintiff Carla Y. Woodall and the other
> similarly situated employees.   Defendant breached its
> agreement with these Plaintiffs by failing to pay them
> for all hours worked.   Hours that were worked but
> uncompensated include time when these Plaintiffs
> worked through all or part of their meal periods, but
> were not compensated for the time worked.

(Compl. ¶¶ 41, 42.)   DSI argues that Woodall's breach of
contract claim fails because it "does not even provide a
formulaic recitation of elements."   (Motion 8-9.)   Woodall
responds that she has sufficiently alleged the essential
elements of the cause of action, although she did not list them
formulaically.   (<u>See</u> Pl.'s Response 3.)   Specifically, Woodall
cites allegations in the complaint that establish her employment
agreement with DSI and the breach of that agreement.   (<u>See</u> <u>id.</u>
3-4; <u>see also</u> Compl. ¶¶ 1, 9, 11, 21-25, 27-28 42.)

The "'complaint must contain either direct or inferential
allegations respecting all material elements to sustain a

17

recovery under some viable legal theory.'" Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008) (quoting Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005)). The complaint does not directly allege the elements of breach of contract. See Oggs, 230 S.W.3d at 676-77. To avoid dismissal, the Court must be able to infer from the complaint all material elements of breach of contract. See Bishop, 520 F.3d at 519.

Under Tennessee law, "an employment relationship is essentially contractual." Vargo v. Lincoln Brass Works, 115 S.W.3d 487, 491 (Tenn. Ct. App. 2003); see also Abadeer, 2009 U.S. Dist. LEXIS 59488, at *6. Woodall alleges that DSI "agreed to pay for services provided by Carla Y. Woodall," at an hourly rate, and that DSI breached that agreement by failing to pay employees for all hours worked. (Compl. ¶¶ 9, 11, 42.) Viewing those facts in a light most favorable to Woodall, her allegations raise the inference of an enforceable contract. That she does not identify a written contract is inconsequential; Tennessee enforces oral at-will employment contracts. See Abadeer, 2009 U.S. Dist. LEXIS 59488, at *6 (citing Dot Bush Goot, et al v. Metropolitan Gov. of Nashville and Davidson Cnty., No. M2003-02013-COA-R3-CV, 2005 Tenn. App. LEXIS 708, at *20 (Tenn. Ct. App. Nov. 9, 2005); see also Henry v. Trammell Crow SE, Inc., 34 F.Supp. 2d 629, 635 (W.D. Tenn. 1998) ("Tennessee law [also] consider[s] at will employment

18

relationship[s] to be contractual in nature."). To state a valid claim for breach of contract, Woodall is not required identify all the terms of an enforceable agreement such that the complaint itself states her full agreement. Instead, her complaint must "'raise a right of relief above the speculative level.'" See Bishop, 520 F.3d at 520 (quoting Twombly, 127 S. Ct. at 1965). Given Woodall's allegations, the Court infers a claim that an enforceable contract establishes "'the right and expectation to be paid the agreed-upon wage and the right and expectation of having work hours consistent with applicable federal and state law.'" Abadeer, 2009 U.S. Dist. LEXIS 59488, at *6 (quoting Goot, 2005 Tenn. App. LEXIS, at *26). To conclude otherwise would undermine the notion that courts must "draw all reasonable inferences in favor of the plaintiff." See Ziss Bros. Constr. Co. v. City of Independence, 439 F. App'x 467, 470 (6th Cir. 2011).

DSI argues that Woodall has failed to recite the elements of breach of contract. Direct recitals of the elements are unnecessary if the complaint contains "'either direct or inferential allegations respecting all material elements.'" Ziss Bros. Constr. Co., 439 F. App'x at 470-71 (emphasis added) (quoting Bishop, 520 F.3d at 519). Woodall has alleged offer and acceptance of an employment agreement in which DSI agreed to pay her for her services as an hourly employee. (See Compl. ¶¶

19

9, 11, 42.)  That exchange is a valuable consideration.  Woodall plainly alleges that DSI breached its agreement with her by failing to compensate her for all hours worked.  (Id. ¶ 42.) Those allegations are of a sufficiently "reasonable degree of definiteness and certainty" to determine whether DSI's performance was consistent with its contractual duty.  See Cagle v. Hybner, No. M2006-02073-COA-R3-CV, 2008 Tenn. App. LEXIS 389, at *56 (Tenn. Ct. App. July 3, 2008) (citing Restatement (First) of Contracts § 370 cmt. c).

### C. Class Action Claims

DSI argues that Woodall's class action allegations for breach of contract and unjust enrichment are nothing more than "labels and conclusions." (Motion 21.)  According to DSI, if the legal conclusions are disregarded, "there is literally nothing left to review in the class count." (Id. at 22.) Woodall responds that resolving class certification on the pleadings would be inappropriate. (Pl.'s Resp. 8.)

"It is seldom, if ever, possible to resolve class representation questions from the pleadings . . . ." Internat'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1268 (4th Cir. 1981); see Hendricks v. JPMorgan Chase Bank, N.A., No. 3:08-cv-613, 2008 U.S. Dist. LEXIS 99788, at *5 (D. Conn. Nov. 21, 2008) ("Class action claims, like other claims, may be dismissed based upon the pleadings and before any

discovery has taken place, but only if it is clear that the motion to dismiss standard has been met."). "Maintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide . . . . The parties should be afforded an opportunity to present evidence." In re American Medical Sys., 75 F.3d 1069, 1079 (6th Cir. 1996) (quoting Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6th Cir. 1974)); see also D.D. v. Wash Cnty., No. 2:10-cv-1097, 2011 U.S. Dist. LEXIS 27720, at *5 (S.D. Ohio Mar. 3, 2011); Pfaff v. Whole Foods Mkt. Group, Inc., 2010 U.S. Dist. LEXIS 104784, at *6 (N.D. Ohio Sept. 29, 2010); Faktor v. Lifestyle Lift, 2010 U.S. Dist. LEXIS 3149, at *7 (N.D. Ohio Jan. 15, 2010).

The standards for class certification and motions to dismiss implicate different questions of law and fact. See Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2548 (2011); see also In re OnStar Contract Litig., No. 2:07-MDL-01867, 2011 U.S. Dist. LEXIS 145846, at *57 (E.D. Mich. Dec. 18, 2011); Hendricks, 2008 U.S. Dist. LEXIS 99788, at *5. Rule 23 requires a more rigorous factual showing than motions to dismiss, where plaintiffs must only make some showing that their claims can be supported by evidence. See In re American Medical Sys., Inc., 75 F.3d at 1079. Rule 23 does not have a pleading standard.

See <u>Dukes</u>, 131 S. Ct. at 2548 ("Rule 23 does not set forth a mere pleading standard."). Before determining class certification under Rule 23, a factual record "will usually be required." <u>Boyce v. Wachovia Sec., LLC</u>, No. 5:09-CV-263-FL, 2010 U.S. Dist. LEXIS 30131, at *10 (E.D.N.C. Mar. 29, 2010); <u>Rhodes v. E.I. Dupont De Nemours & Co.</u>, No. 6:06-cv-00530, 2008 U.S. Dist. LEXIS 46159, at *40 (S.D. W. Va. June 11, 2008). Conversely, a motion for judgment on the pleadings "may be granted only if all material issues can be resolved on the pleadings by the district court." Wright, Miller, Kane & Marcus, <u>supra</u>, § 1368. Dismissal of Woodall's class allegations at this stage in the litigation would not be appropriate.

Woodall's class action allegations have been sufficiently pled. The Court has decided that Woodall's breach of contract claims survive DSI's Motion. Whether the requirements of Rule 23 are satisfied cannot be resolved on the pleadings alone. Fact-finding is required. "[A] Motion to Dismiss is not the appropriate stage at which to resolve disputed issues of fact bearing on class certification." See <u>Hendricks</u>, 2008 U.S. Dist. LEXIS 99788, at *11.

DSI seeks to dismiss Woodall's class action claim for unjust enrichment. It does not seek to dismiss Woodall's individual unjust enrichment claim.

22

To state a claim of unjust enrichment under Tennessee law, Woodall must allege: (1) a benefit she conferred on DSI; (2) "appreciation by the defendant of such benefit"; and (3) that DSI's acceptance of that benefit would be inequitable unless DSI paid the value of the services. <u>Carter</u>, 2011 U.S. Dist. LEXIS 35163, at *20-21. She has done so.

Woodall has also alleged sufficient facts to state a class claim of unjust enrichment. Woodall avers that she and other "similarly situated employees performed work for [DSI] during their meal breaks." <u>Compare</u> <u>id.</u> at *21 <u>with</u> Compl. ¶¶ 24, 25, 45. Employees, including Woodall, "worked through their meal breaks and were therefore not completely relieved from their duties. On those occasions, [DSI] nonetheless deducted the untaken meal period from Plaintiffs' wages." (Compl. ¶ 25.) DSI received the benefit of uncompensated meal periods because it profited from the services of employees who were not paid when they should have been. <u>See</u> <u>Freeman Indus. LLC v. Eastman</u> <u>Chem. Co.</u>, 172 S.W.3d 512, 525 (Tenn. 2005) ("A benefit is any form of advantage that has a measurable value including the advantage of being saved from an expense or loss."). Woodall alleges that DSI appreciated the benefit of employees' services because "[m]anagement was aware of [its] practice and that a substantial amount of such work was not compensated." (Compl. ¶ 27.) Woodall further avers that an injustice would occur if

23

employees, including her, were not compensated for their time worked. (Compl. ¶¶ 27-29, 46.) Woodall's allegations are sufficient to survive DSI's Motion. <u>Compare</u> <u>Carter</u>, 2011 U.S. Dist. LEXIS 35163, at *20-24. Dismissing Woodall's class claim for unjust enrichment would not be appropriate at this stage of the litigation. <u>See</u> <u>Hendricks</u>, 2008 U.S. Dist. LEXIS 99788, at *11.

DSI argues that <u>Dukes</u>, 131 S. Ct. 2541, supports dismissal. In <u>Dukes</u>, the Supreme Court reversed the class certification of a group of current and former female employees who alleged discrimination over pay and promotions in violation of Title VII of the Civil Rights Act of 1964. In concluding that certification was not consistent with the requirements of Rule 23(a), the Court stated that "Rule 23 does not set forth a mere pleading standard." <u>Id.</u> at 2551. Instead, courts must conduct a "rigorous analysis" of the "factual and legal issues comprising the plaintiff's cause of action." <u>Id.</u> at 2551-52. Unlike <u>Dukes</u>, the motion before the Court is one for judgment on the pleadings, not one for class certification. The Court has not had the opportunity to conduct "rigorous analysis" of Woodall's factual and legal allegations because there has been no discovery to determine whether the requirements of Rule 23 have been met. The Court's class certification should be "predicated on more information than the pleadings [] provide."

24

In re American Medical Sys., 75 F.3d at 1079.  Woodall should be permitted to discover and present factual evidence related to class certification.  See id.

**V.   Conclusion**

For the foregoing reasons, DSI's Motion is DENIED.

So ordered this 27th day of March, 2012.

s/ Samuel H. Mays, Jr._____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE